UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN COOKE,

                            Plaintiff,

      -v.-                                         9:07-CV-1292
                                                        (GLS)(GJD)
STERN, Supt. Programs, Bare Hill Correctional    LEAD CASE
Facility; S. FLANAGAN; and MULLERVILLE,
R.N.,

                            Defendants.
_____

JOHN COOKE,

                            Plaintiff,

      -v.-                                         9:08-CV-0074
                                                        (GLS)(GJD)
MS. S. FLANAGAN and MS. K. MULLERVILLE,
R.N.,

                            Consolidated Defendants.
_____

APPEARANCES:

JOHN COOKE
90-A-3686
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

## DECISION and ORDER

      Currently before the Court for review is Plaintiff John Cooke's amended complaint. Dkt. No. 7. Cooke submitted the amended complaint in compliance with the Order of this Court filed on January 28, 2008. Dkt. No. 6 ("January Order"). The January Order granted Cooke's *in forma pauperis* application and

directed Cooke to submit one amended complaint for this consolidated action. *Id.* In the January Order, the Court advised Cooke as follows:

> It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)) (other citations omitted).

Dkt. No. 6 at 5. The January Order noted that, while Cooke identified three defendants, he did not allege specific acts of wrongdoing by specific defendants, thereby failing to allege personal involvement of any of the defendants.

In his amended complaint, Cooke alleges that defendants Stern and Flanagan denied him appropriate programming in deliberate indifference to his serious medical needs and failed to provide proper accommodation for his disability. Dkt. No. 7 at 1 and 4-5.

Plaintiff names Mullerville, R.N. as a defendant in the caption of his amended complaint, yet fails to allege any act or omission by this individual. Where a defendant is listed in the caption but the body of the complaint fails to indicate what the defendant did to the plaintiff, dismissal is appropriate. *Gonzalez v. City of N.Y.*, 1998 WL 382055 at *2 (S.D.N.Y. Jul. 9, 1998); *see also Crown v. Wagenstein*, 1998 WL 118169, at *1 (S.D.N.Y. Mar.16, 1998)(mere inclusion of warden's name in complaint insufficient to allege personal involvement); *Taylor v. City of New York*, 953 F.Supp. 95, 99

(S.D.N.Y.1997)(same).  Because Cooke has failed to allege any personal involvement on the part of defendant Mullerville, R.N., Mullerville, R.N. is hereby dismissed, without prejudice, as a defendant in this action.

WHEREFORE, it is hereby

ORDERED, that Mullerville, R.N. is dismissed as a Defendant in this action, **without prejudice**; and it is further

ORDERED, that the Clerk of the Court shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the remaining Defendants, together with a copy of this Order.  The Clerk of the Court shall also forward a copy of the summons and amended complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Order; and it is further

ORDERED, that a formal response to Cooke's amended complaint be filed by the Defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure subsequent to service of process on the Defendants; and it is further

ORDERED, that **any paper sent by a party to the Court or the Clerk of the Court shall be accompanied by a certificate setting forth the date on which a true and correct copy of the paper was mailed to the opposing party or his or her counsel.  Any letter or other document received by the Clerk or the Court which does not include a proper certificate of service**

**will be returned.** Cooke shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules. **Cooke is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

ORDERED, that the Clerk serve a copy of this Order on Cooke in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:   March 11, 2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge